CASE 98—PETITION ORDINARY—January 18.

# Lyon v. Mason & Foard Co.

APPEAL FROM LYON CIRCUIT COURT.

1. CONVICTS—APPOINTMENT OF INSPECTORS—PENITENTIARY CONSTRUCTION.—Under the act of May 3, 1880, which provided for the hiring of convicts to work at places outside the penitentiary walls, and for the appointment of an inspector of such convicts, there was no authority for the appointment of an inspector of convicts who were employed by contractors in constructing a branch penitentiary under contract with the State; and if the appointment of such inspector had been necessary, the duties of his office came fairly within the purview of and were incident to the office of commissioner which was created by the act providing for the branch penitentiary, and one acting as such commissioner would not be entitled to compensation both as commissioner and inspector.

2. CONTRACTS—POWERS OF PENITENTIARY COMMISSIONERS.—But assuming that there was authority for the appointment of such inspector, an order made by the commissioners nearly two years after the contract was entered into, and but a few months before the completion of the work, directing the contractors to pay the inspector and making his appointment a formal one, did not impose on the contractors an obligation to pay such inspector for the services which they did not know he was rendering as such, or independent of, or in addition to services which had been rendered by him as commissioner.

3. POWERS OF COMMISSIONERS—STATUTORY CONSTRUCTION.—Under a provision of the act of May 3, 1880, the Board of Penitentiary Commissioners were all required to be present and participate when any action was taken as to the appointment of officials, etc., unless prevented by unavoidable casualties; and an appointment by only a part of the commissioners, of an officer, was illegal and unauthorized in the absence of any thing to show that all of the commissioners might not have been present.

4. MISTAKE OF LAW AND FACT.—The payment by the contractors to one claiming to be inspector of convicts under mistake of their legal obligation, and under a mistake of fact as to the appointment of such inspector by proper authority, may be recovered.

HOLT & HOLT, FOR APPELLANT.

1. It is immaterial whether the appellant's appointment was regularly or properly made; appellee got the benefit of his services and the board ratified and recognized his appointment.

2. The appellee paid the money when it had full opportunity to know both the law and the facts, and when there is such voluntary payment the money can not be recovered back.

T. L. EDELEN, FOR APPELLEE.

1. A payment of money under a mistake as to the legal obligation to pay it, and when the payee was not entitled in equity and good conscience to retain it, is a payment to the use of the person making the payment and may be recovered if the rights of third persons have not intervened. McMurtry v. Kentucky Central R. R. Co., 84 Ky., 462; First National Bank v. Bohan, 91 Ky., 560; City of Newport v. Ringo, Ex'or., 87 Ky., 635; City of Covington v. Powell, 2 Met., 226; Ray & Thornton v. Bank of Ky., 3 B. M., 510; Titus v. Rochester Insurance Co., 97 Ky., 567; Fecheimer Bros. v. City of Louisville, 84 Ky., 306.

2. Where a salary or compensation is not defined by law, but limits are prescribed, no amount can be recovered until the amount has been fixed. Am. & Eng. Enc. of Law, vol. 19, page 225; State v. Brewer. 59 Alabama, 130; Wortham v. Grayson County Court, 13 Bush 53.

3. The copy offered from the minutes of the Board of Sinking Fund Commissioners was incompetent as evidence for several reasons: 1st. Because the act making the Board of Sinking Fund Commissioners the Board for the management of the penitentiary, only authorized the appointment of officials when all the members of the board are present. 2d. Because the auditor being the custodian of the records of that board, only a copy certified by him should be used as evidence. 3d. Because the order sought to impose an *ex post facto* liability on the contractors who had no notice of it whatever.

HUNTER WOOD OF COUNSEL ON SAME SIDE.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Under the authority of an act of the general assembly for completion of so much of the Eddyville penitentiary as would be sufficient for the accommodation of 418 convicts, and for the appointment of one commissioner to execute

said work, approved April 30, 1888, and of an act in relation to the penitentiary at Eddyville, approved May 4, 1888, the governor of the State entered into a contract with appellee, a corporation, by which the latter bound itself to complete said penitentiary, and lease from the State such convicts as were then at the Eddyville ˙ penitentiary, or might be placed there for the period of ten years from October 2, 1888.

The governor, under the same authority, appointed appellant commissioner at a salary of $200 per month, to discharge the duties required by the provisions of the said acts, which appointment he accepted and continued to discharge the duties as such commissioner during the time the appellee was engaged in completing the penitentiary under its contract, which was done the last of December, 1890. June 12, 1890, appellant, as alleged in the petition, claimed also to be inspector of convicts at Eddyville, and demanded of appellee a salary, at the rate of $3 per day, from October 12, 1888, up to that date, and claimed that he should be paid a like salary up to the completion of said work, in addition to the $200 per month, regularly paid him as commissioner; that at the time of said demand, as further alleged, appellant represented to appellee that the sinking fund commissioners of the State had made an order that said sum of $3 per day claimed by him should be paid from October, 1888, and represented that appellee was legally bound to pay same under its contract with the State on account of his services claimed to have been rendered as inspector of convicts at the Eddyville penitentiary; and appellee, being ignorant of the validity of his claim of

$3 per day in addition to his salary as commissioner, but believing the representations of appellant that it was legally bound to pay his said claim under its contract with the State, and that he was legally entitled to said salary for services rendered as inspector and not required by law of him as commissioner, did make to appellant payments in full of his salary of $3 per day, amounting in all to about $2,400.

It is further alleged that appellee learned subsequent to the payment of said sum that appellant was not legally or otherwise inspector of convicts at Eddyville during any part of the time for which he collected and received pay as inspector, and was not legally entitled to any part of said salary of $3 per day so paid him by appellee, and that the latter was not legally or otherwise bound to pay any part thereof; that said payments were wrongfully demanded and received by appellant, and he has thereby become indebted to appellee in the amount sued for. At the trial, upon conclusion of the evidence offered by appellant under a peremptory instruction of the court, a verdict was rendered for the amount claimed in the petition. To have entitled appellant to demand and receive the money now in question there must have been an existing statute creating the office of inspector of convicts at Eddyville during construction of the penitentiary under the contract between appellee and the State, and he must have been legally appointed to that office by those authorized by statute to make it. For it does not appear, nor is it contended, that appellee was bound by terms of that contract to pay appellant, or any other person, for services rendered at that time

and place as inspector   The office of inspector of convicts
was created by "an act for the relief of the penitentiary,"
approved May 3, 1880; the purpose of which was to author-
ize the hiring out of convicts to work at places outside the
penitentiary walls.  Section 11 of that act is as follows:
"The convicts shall not be hired in squads of less than
fifty, and the commissioners as aforesaid (meaning commis-
sioners of the sinking fund) shall appoint and fix the com-
pensation, not to exceed $3 per day and be paid by the
State, of a competent person to be known as inspector,"
but as before stated, the contract between appellee and the
State for the construction of the Eddyville penitentiary was
made in pursuance of the act of April 30, 1888, and the
act of May 4, 1888; and neither of those acts nor the con-
tract provide or stipulate for the appointment of an inspec-
tor or compensation for his services to be paid by either the
State or the contractor.  On the contrary, if it was at all
necessary to have an inspector of the convicts at Eddyville,
the duties of such position came fairly within the purview
and were incident of, the office of commissioner to which
appellant was appointed.  Certainly the legislature never
contemplated the appointment of an inspector and the
payment to him of additional compensation of $3 per day
out of the State treasury, much less by the contractor, who
did not directly, or indirectly, bind itself to pay it.

Appellant, according to the evidence, never was legally
appointed inspector or authorized to act as such at Eddy-
ville during the construction of the penitentiary.  No for-
mal attempt to appoint him was made until June 2, 1890,
when only the Secretary of State, the treasurer and auditor

Lyon v. Mason & Foard Co.

being present, the following order was made: "The Board directs Gen. Lyon to be paid as inspector from October, 1888, also to make his appointment a formal one." That attempted appointment, even assuming that the sinking fund commissioners had the authority to make it in the first instance, was illegal and abortive for two reasons. First, those present undertook, neary two years after the contract was made and but a few months until the completion of the work, to impose on appellee an obligation to pay appellant for services as inspector that it did not know he was actually rendering independent of and in addition to those required of him as commissioner, and was not legally bound to pay; second, by section 20 of an act of May 3, 1880, it is provided that when any duty is required of the commissioners of the sinking fund by that act it shall be competent for a majority of them to act, if all can not be present and participate, except as to the appointment of officials, and in the advertisement for the acceptance of bids, and making contracts and taking bond from the contractors for the labor of the convicts.

As to these matters all of said commissioners must participate unless prevented by unavoidable casualty. As it does not appear that a full board of commissioners might not have been present, the attempted appointment of appellant as inspector, an imposition *ex post facto* upon appellee of an obligation to pay for his services by three only of the board, was manifestly illegal and unauthorized.

Therefore, appellant certainly could not have recovered by an action at law the money paid him by appellee because his demand was illegal, unjust and without consideration,

and, being so, he can not now in equity and good conscience retain it. So if the money was paid under a mistake of fact, or as to its legal obligation to pay it, according to a well-settled doctrine of this court it may be now recovered back. That appellee did so pay the money under a clear mistake as to its legal obligation to pay, and under a mistake, as to the appointment by proper authority of appellant as inspector, which he represented to be a fact and was accepted and acted upon by appellee as such, is not only established by the evidence offered by appellant himself, but substantially admitted in the pleadings.

Judgment affirmed.